## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ASTRAZENECA LP, ASTRAZENECA ) 
AB, ASTRAZENECA UK LIMITED, and ) 
ASTRAZENECA ) 
PHARMACEUTICALS LP, ) 
                                ) 
    Plaintiffs, ) 
                                )   Civil Action No. _____ 
    v. ) 
                                  ) 
APOTEX INC. and APOTEX CORP., ) 
                                  ) 
    Defendants. ) 
                                  )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs AstraZeneca LP, AstraZeneca AB, AstraZeneca UK Limited, and AstraZeneca Pharmaceuticals LP (collectively "AstraZeneca" or "Plaintiff"), by its attorneys, hereby allege as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against defendants Apotex Inc. and Apotex Corp. (collectively "Apotex" or "Defendant"). This action relates to Abbreviated New Drug Application ("ANDA") No. 208584 ("ticagrelor ANDA") filed by Defendant with the U.S. Food and Drug Administration ("FDA") for approval to market generic versions of AstraZeneca's BRILINTA® (ticagrelor) drug product prior to expiration of AstraZeneca's U.S. Patent Nos. RE 46,276 ("the '276 patent"); 7,250,419 ("the '419 patent"); and 7,265,124 ("the '124 patent") that are listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for BRILINTA® (collectively "the Orange Book Patents").

1

## PARTIES

2.      AstraZeneca is engaged in the business of creating, developing, and bringing to market revolutionary biopharmaceutical products to help patients prevail against serious diseases, including treatments for cardiovascular diseases.

3.      Plaintiff AstraZeneca LP, the holder of New Drug Application ("NDA") No. 022433 for BRILINTA® ticagrelor), is a limited partnership operating and existing under the laws of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803.  Defendant specifically directed its Notice Letter to AstraZeneca LP.

4.      Plaintiff AstraZeneca AB is a company operating and existing under the laws of Sweden, with its principal place of business at SE-151 85 Sodertalje, Sweden.  AstraZeneca AB is the owner of the '124 patent, and Defendant specifically directed its Notice Letter to AstraZeneca AB.

5.      Plaintiff AstraZeneca UK Limited is a company operating and existing under the laws of United Kingdom, with its principal place of business at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge, United Kingdom CB2 0AA.  AstraZeneca UK Limited is the owner of the '276 and '419 patents, and Defendant specifically directed its Notice Letter to AstraZeneca UK Limited.

6.      Plaintiff AstraZeneca Pharmaceuticals LP is a limited partnership operating and existing under the laws of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803.  AstraZeneca Pharmaceuticals LP markets and sells BRILINTA® in this judicial district and throughout the United States.

7.      On information and belief, Apotex Inc. is a corporation organized and existing under the laws of Canada, having a principal place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

8.      On information and belief, Apotex Inc. is a pharmaceutical company that develops, licenses, manufacturers, markets, and distributes, directly or through its affiliates and subsidiaries, generic pharmaceuticals in the United States.  For example, Apotex's website represents that "[t]he company's pharmaceuticals can be found in virtually every pharmacy and healthcare facility in Canada and are exported to over 115 countries around the globe." *See* http://www.apotex.com/global/about/ (last visited June 2, 2017).

9.      On information and belief, Apotex Corp. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

10.     On information and belief, Apotex Corp. is qualified to do business in Delaware and appointed a registered agent for service of process, by filing with the Secretary of State on April 9, 1992, pursuant to sections 371 and 376 of title 8 of the Delaware Code: (1) a certificate of incorporation, representing its business as "[p]harmaceutical manufacturing, distribution and sales" under file number 2293995; and (2) a statement naming "The Corporation Trust Company" located in Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801, as its registered agent to accept service of process in the State of Delaware.

11.     On information and belief, Apotex Corp. is also actively registered with the Delaware Board of Pharmacy, pursuant to Del. C. § 2540, as a licensed "Pharmacy-Wholesale" (License No. A4-0001921) and "Distributor/Manufacturer CSR" (License No. DM-0008873).

12.     On information and belief, Apotex Corp. is a wholly-owned subsidiary of Apotex Inc., and is controlled by Apotex Inc. On information and belief, Apotex Corp. acts as an agent for Apotex Inc. in connection with the sale of pharmaceutical products in the United States,

3

including the State of Delaware, and with the regulatory approval process including appointment of a registered agent for service of process in Delaware.

13.     On information and belief, Apotex Inc. conducts its United States operations, in part, through Apotex Corp., and together, they collaborate in formulating, manufacturing, packaging and/or marketing generic drug products for distribution in the District of Delaware and throughout the United States.  For example, Apotex's website represents that "Apotex Corp. is the US Company that markets the products of Apotex, Inc.  Through its sales and marketing headquarters in Weston, Florida and operations center in Indianapolis, Apotex Corp. is committed to providing safe and affordable generic medicines." *See* http://www.apotex.com/global/about/press/20110510.asp  (last visited June 2, 2017).

14.     On information and belief, Apotex Inc. and Apotex Corp. are agents of each other and/or work in concert with each other with respect to the development, regulatory approval, marketing, sale, and distribution of pharmaceutical products throughout the United States, including into Delaware.

15.     On information and belief, Apotex Inc. and Apotex Corp. acted in concert to develop the proposed generic product that is the subject of the ticagrelor ANDA to seek regulatory approval from FDA to market and sell the proposed ANDA product throughout the United States, including within Delaware.

16.     On information and belief, the preparation and submission of the ticagrelor ANDA by Apotex Corp. was done at the direction, under the control, in concert with, and/or for the direct benefit of Apotex Inc.  For example, the Notice Letter states that "Apotex Inc. and Apotex Corp. (collectively, 'Apotex') are providing Notice of the following information to you . . . ."  The letter is signed, "Yours very truly, Apotex Inc.," followed by the signature of

4

Kiran Krishnan, Senior Vice President, Global Regulatory Affairs, of Apotex Corp. located at 2400 N. Commerce Parkway, Weston, FL 33326. The Notice Letter authorizes Kiran Krishnan to accept service on behalf of Apotex Corp.  The Notice Letter asks that a courtesy of any complaint filed also be sent to Mark Mitchell, Senior Patent Counsel, Global Intellectual Property Dept., Apotex Inc. at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

17.    On information and belief, and consistent with their practice with respect to other generic products, following FDA approval of the ticagrelor ANDA, Apotex Inc. and Apotex Corp. will act in concert to distribute and sell the generic product described in ticagrelor ANDA throughout the United States and within Delaware.

## JURISDICTION AND VENUE

18.    Each of the preceding paragraphs 1 to 17 is re-alleged and re-incorporated as if fully set forth herein.

19.    This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq*., and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

20.    Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

21.    Apotex is subject to personal jurisdiction in this district.

22.    This Court has personal jurisdiction over Apotex Corp. because, *inter alia*, Apotex Corp. is a corporation incorporated in the State of Delaware.

23.    This Court also has personal jurisdiction over Apotex Corp. because, *inter alia*, Apotex Corp. consented to jurisdiction in Delaware by affirmatively registering to do business in Delaware and appointing a Delaware agent to accept service of process pursuant to sections 371 and 376 of title 8 of the Delaware Code, and further by affirmatively registering with the

ME1 25008617v.1

Delaware Board of Pharmacy as a "Pharmacy/Wholesale" and "Distributor/Manufacturer CSR" pursuant to section 2540 of the Delaware Code.

24.    Furthermore, Apotex Corp. has previously been sued in this judicial district without objecting on the basis of lack of personal jurisdiction and has availed itself of Delaware courts through the assertion of counterclaims.  S*ee, e.g., AstraZeneca LP et al. v. Apotex Inc. et al.*, C.A. No. 15-cv-01058; *OSI Pharms., LLC et al. v. Apotex Inc. et al.*, C.A. No. 15-cv-00772; *R-Tech Ueno, Ltd. v. Apotex Inc. et al.*, C.A. No. 15-cv-00592; *Forest Laboratories, LLC et al. v. Apotex Inc. et al.*, C.A. No. 15-cv-00274; *Otsuka Pharm. Co., Ltd. v. Apotex Inc. et al.*, C.A. No. 15-cv-00109; *Forest Laboratories, LLC et al. v. Apotex Corp. et al.*, C.A. No. 15-cv-00018; *Meda Pharms. Inc. et al. v. Apotex Inc. et al.*, C.A. no. 14-cv-01453; *Aptalis Pharmatech, Inc. et al. v. Apotex Inc. et al.*, C.A. No. 14-cv-01038; *Warner Chilcott Co., LLC et al. v. Apotex Inc. et al.*, C.A. No. 14-cv-00998; *Acorda Therapeutics, Inc. et al. v. Apotex Corp. et al.*, C.A. No. 14-cv-00955; *UCB Inc. et al. v. Apotex Corp. et al.*, C.A. No. 14-cv-00834; *Bristol-Myers Squibb Co. v. Apotex Corp. et al.*, C.A. No. 14-cv-00351; and *Forest Laboratories, Inc. et al. v. Apotex Corp. et al.*, C.A. No. 14-cv-00200.

25.    Apotex Inc. is subject to personal jurisdiction in this district because, *inter alia*, Apotex Inc. has committed, aided, abetted, actively induced, contributed to, or participated in the commission of an act of patent infringement that has led and/or will lead to foreseeable harm and injury to Plaintiff, including Plaintiff AstraZeneca LP, which is a Delaware limited partnership. For example, Apotex Inc. sent the Notice Letter to AstraZeneca LP, which is incorporated and has its principal place of business in Delaware, which has led and/or will lead to foreseeable harm and injury to the Plaintiff in Delaware.

ME1 25008617v.1

26.     Further, on information and belief, Defendant will manufacture, market, and/or sell within the United States the generic product described in the ticagrelor ANDA if FDA approval is granted.  If the ticagrelor ANDA is approved, on information and belief the generic product would, among other things, be marketed and distributed in Delaware, prescribed by physicians practicing in Delaware, and dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

27.     This Court also has personal jurisdiction over Apotex Inc. because Apotex Inc. has affirmatively availed itself of this Court's jurisdiction.  For example, Apotex Inc. has initiated suits arising under the Patent laws of the United States in this Court.  *See, e.g., Apotex Inc. et al. v. Lupin Ltd. et al.*, C.A. No. 1:15-cv-00357; and *Apotex Inc. et al. v. Pfizer Inc. et al.*, C.A. No. 1:03-cv-00990.

28.     Furthermore, Apotex Inc. has previously been sued in this judicial district without objecting on the basis of lack of personal jurisdiction and has availed itself of Delaware courts through the assertion of counterclaims.  *See, e.g., AstraZeneca LP et al. v. Apotex Inc. et al.*, C.A. No. 15-cv-01058; *OSI Pharms., LLC et al. v. Apotex Inc. et al.*, C.A. No. 15-cv-00772; *R-Tech Ueno, Ltd. v. Apotex Inc. et al.*, C.A. No. 15-cv-00592; *Forest Laboratories, LLC. et al. v. Apotex Inc. et al.*, C.A. No. 15-cv-00274; *Otsuka Pharm. Co., Ltd. v. Apotex Inc. et al.*, C.A. No. 15-cv-00109; *Forest Laboratories, LLC. et al. v. Apotex Corp., et al.*, C.A. No. 15-cv-00018; *Meda Pharms. Inc. et al. v. Apotex Inc. et al.*, C.A. no. 14- cv-01453; *Aptalis Pharmatech, Inc. et al. v. Apotex Inc. et al.*, C.A. No. 14-cv-01038; *Warner Chilcott Co., LLC et al. v. Apotex Inc. et al.*, C.A. No. 14-cv-00998; *Acorda Therapeutics, Inc., et al. v. Apotex Corp., et al.*, C.A. No. 14-cv-00955; *UCB Inc. et al. v. Apotex Corp. et al.*, C.A. No. 14-cv-00834; *Bristol-Myers Squibb*

7

*Co. v. Apotex Corp. et al.*, C.A. No. 14-cv-00351; and *Forest Laboratories, Inc. et al. v. Apotex Corp. et al.*, C.A. No. 14-cv-00200.

29.    This Court also has personal jurisdiction over Apotex because, *inter alia*, Apotex has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with the state of Delaware.  On information and belief, Apotex regularly and continuously transacts business within the state of Delaware, including by selling pharmaceutical products in Delaware, directly and/or through affiliates, and/or by continuously and systematically placing goods into the stream of commerce for distribution throughout the United States, including Delaware.  On information and belief, Apotex Inc. and Apotex Corp. have done so with each other's authorization, participation, assistance, and/or acting in concert with each other.  On information and belief, Apotex derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business within the State of Delaware.

30.    On information and belief, Apotex Inc. and Apotex Corp. operate as an integrated, unitary generic pharmaceutical business.  On information and belief, when FDA posts notices of recalls being conducted for a drug that Apotex Corp. distributed in the US, FDA's release indicates the source of information as "Apotex Inc."  On information and belief, Apotex Inc. issues press releases for Apotex Corp. when generic drugs are approved by FDA, when other events concerning the commercialization of a generic drug occur, and when they are involved in litigation in connection with filing ANDAs.

31.    For these reasons and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Apotex.

8

**PATENTS-IN-SUIT**

32.     On January 17, 2017, the U.S. Patent and Trademark Office duly and legally issued the '276 patent, a reissue of U.S. Patent No. 6,525,060, entitled "Triazolo(4,5-D)pyrimidine compounds." A true and correct copy of the '276 patent is attached hereto as Exhibit A. The claims of the '276 patent are valid and enforceable. AstraZeneca UK Limited is the owner of the '276 patent by assignment and has the right to enforce it.

33.     On July 31, 2007, the U.S. Patent and Trademark Office duly and legally issued the '419 patent, entitled "Trisubstituted triazolopyrimidines for use in platelet aggregation inhibition." A true and correct copy of the '419 patent is attached hereto as Exhibit B. The claims of the '419 patent are valid and enforceable. AstraZeneca UK Limited is the owner of the '419 patent by assignment and has the right to enforce it.

34.     On September 4, 2007, the U.S. Patent and Trademark Office duly and legally issued the '124 patent, entitled "Cristalline and amorphous form of a triazolo (4,5-D) pyridimine compound." A true and correct copy of the '124 patent is attached hereto as Exhibit C. The claims of the '124 patent are valid and enforceable. AstraZeneca AB is the owner of the '124 patent by assignment and has the right to enforce it.

35.     AstraZeneca LP is the holder of NDA No. 022433 by which FDA granted approval for the marketing and sale of ticagrelor tablets in 90 mg and 60 mg dosage strengths, to reduce the rate of cardiovascular death, myocardial infarction, and stroke in patients with acute coronary syndrome (ACS) or a history of myocardial infarction (MI). AstraZeneca markets ticagrelor tablets in the United States, through its Delaware subsidiary AstraZeneca Pharmaceuticals LP, under the trade name "BRILINTA®." FDA's official publication of

9

approved drugs, the Orange Book, includes BRILINTA® in 90 mg and 60 mg dosage strengths together with the Orange Book Patents (the '276, '419, and '124 patents).

## INFRINGEMENT BY DEFENDANT

36.    Each of the preceding paragraphs 1 to 35 is re-alleged and re-incorporated as if fully set forth herein.

37.    In a letter dated May 2, 2017 ("Notice Letter"), Apotex notified AstraZeneca AB, AstraZeneca LP, and AstraZeneca UK Limited that Apotex had supplemented its ticagrelor ANDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) to include an oral tablet that contains 60 mg of ticagrelor ("generic ticagrelor tablets").

38.    The Notice Letter states that Apotex is seeking approval from FDA to engage in the commercial manufacture, use, and sale of the generic ticagrelor tablets before the expiration of the Orange Book Patents.  On information and belief, Apotex intends to engage in the commercial manufacture, use, and sale of its generic ticagrelor tablets after receiving FDA approval to do so.

39.    In the Notice Letter, Apotex notified AstraZeneca that its ANDA contained a "paragraph IV certification" asserting that each of the Orange Book Patents is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Apotex's generic ticagrelor tablets.

40.    This Complaint is being filed before the expiration of forty-five days from the date that AstraZeneca received the Notice Letter.

41.    AstraZeneca previously filed suit against Apotex regarding its ticagrelor ANDA and its proposed 90 mg dosage strength. That case is Civ. Action No. 15-cv-1058-RGA, which was consolidated as part of Civ. Action No. 15-cv-01000-RGA.

ME1 25008617v.1

## COUNT I (INFRINGEMENT OF THE '276 PATENT)

42.    Each of the preceding paragraphs 1 to 41 is re-alleged and re-incorporated as if fully set forth herein.

43.    Defendant's submission of its ticagrelor ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic ticagrelor tablets prior to the expiration of the '276 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

44.    On information and belief, upon FDA approval of Defendant's ticagrelor ANDA, Defendant will further infringe at least one claim of the '276 patent by making, using, offering to sell, and selling its generic ticagrelor tablets in the United States and/or importing such tablets into the United States in violation of 35 U.S.C. §§ 271(a), 271(b), and/or 271(c) unless enjoined by the Court.

45.    If Defendant's marketing and sale of generic ticagrelor tablets prior to expiration of the '276 patent and all other relevant exclusivities is not enjoined, AstraZeneca will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT II (INFRINGEMENT OF THE '419 PATENT)

46.    Each of the preceding paragraphs 1 to 45 is re-alleged and re-incorporated as if fully set forth herein.

47.    Defendant's submission of its ticagrelor ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic ticagrelor tablets prior to the expiration of the '419 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

48.    On information and belief, upon FDA approval of Defendant's ticagrelor ANDA, Defendant will further infringe at least one claim of the '419 patent by making, using, offering to sell, and selling its generic ticagrelor tablets in the United States and/or importing such tablets

11

into the United States in violation of 35 U.S.C. §§ 271(a), 271(b), and/or 271(c) unless enjoined by the Court.

49.     If Defendant's marketing and sale of generic ticagrelor tablets prior to expiration of the '419 patent and all other relevant exclusivities is not enjoined, AstraZeneca will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT III (INFRINGEMENT OF THE '124 PATENT)

50.     Each of the preceding paragraphs 1 to 49 is re-alleged and re-incorporated as if fully set forth herein.

51.     Defendant's submission of its ticagrelor ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic ticagrelor tablets prior to the expiration of the '124 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

52.     On information and belief, upon FDA approval of Defendant's ticagrelor ANDA, Defendant will further infringe at least one claim of the '124 patent by making, using, offering to sell, and selling its generic ticagrelor tablets in the United States and/or importing such tablets into the United States in violation of 35 U.S.C. §§ 271(a), 271(b), and/or 271(c) unless enjoined by the Court.

53.     If Defendant's marketing and sale of generic ticagrelor tablets prior to expiration of the '124 patent and all other relevant exclusivities is not enjoined, AstraZeneca will suffer substantial and irreparable harm for which there is no remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, AstraZeneca respectfully prays that this Court grant the following relief:

A.     A judgment that the claims of the Orange Book Patents are not invalid, not unenforceable, and are infringed by Defendant's submission of its ticagrelor ANDA, and that

12

ME1 25008617v.1

Defendant's making, using, offering to sell, or selling in the United States, or importing into the United States Defendant's generic ticagrelor tablets will infringe the Orange Book Patents.

B.      An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of Defendant's ticagrelor ANDA shall be a date which is not earlier than the latest expiration date of the Orange Book Patents, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled.

C.      An order permanently enjoining Defendant, its affiliates, subsidiaries, and each of its officers, agents, servants and employees, and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States Defendant's generic ticagrelor tablets until after the latest expiration date of the Orange Book Patents, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled.

D.      Damages or other monetary relief to AstraZeneca if Defendant engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of Defendant's generic ticagrelor tablets prior to the latest expiration date of the Orange Book Patents, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled.

E.      Such further and other relief as this Court deems proper and just, including any appropriate relief under 35 U.S.C. § 285.

13

DATED: June 9, 2017

OF COUNSEL:

Charles E. Lipsey
Ryan P. O'Quinn
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700
Charles.Lipsey@finnegan.com
Ryan.O'Quinn@finnegan.com

Mark J. Feldstein
Jill K. MacAlpine
Maximilienne Giannelli
Cora R. Holt
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000
Mark.Feldstein@finnegan.com
Jill.MacAlpine@finnegan.com
Maximilienne.giannelli@finnegan.com
Cora.Holt@finnegan.com

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
bsmyth@mccarter.com

*Attorneys for Plaintiffs AstraZeneca AB,
AstraZeneca Pharmaceuticals LP,
AstraZeneca LP, and AstraZeneca UK
Limited*

14

ME1 25008617v.1